ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| DEPARTAMENTO DE LA VIVIENDA P/C ADMINISTRACIÓN DE VIVIENDA PÚBLICA RECURRIDO<br><br>V.<br><br>WANDA JOHANNES MOTTA RECURRENTE | KLRA202300560 | Revisión administrativa procedente del Departamento de la Vivienda, Administración de Vivienda Pública<br><br>Querella Núm. Q-01-2023<br><br>SOBRE: 24 CFR 982-551 No reportar ingresos, actividad criminal violenta |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de diciembre de 2023.

Comparece Wanda Johannes Motta (recurrente o Johannes Motta,) y nos solicita la revocación de la *Resolución* emitida el 27 de septiembre de 2023 por la Administración de Vivienda Pública (recurrido o AVP). Mediante el referido dictamen, la AVP denegó una solicitud de reconsideración, correspondiente a la determinación emitida el 23 de agosto de 2023, en la cual la agencia recurrida, ordenó la cancelación del subsidio para el pago de la renta de vivienda otorgado al amparo de la Sección 8 de la Ley Federal de Vivienda y Desarrollo Urbano, según enmendada, 42 USC 1437 (b); 24 CFR sec. 880 et seq.

Por los fundamentos que exponemos a continuación, confirmamos el dictamen impugnado. Veamos.

**I**

El 19 de diciembre de 2022, la AVP, por conducto de la señora Doris Grau, supervisora del Programa de Vales para la Libre

Número Identificador

SEN2023_____

Selección de la región de Carolina, le remitió a Johannes Motta, una *Notificación de Cancelación de Subsidio*. En la misma se le informó que su contrato de arrendamiento para la vivienda sita en Carolina sería cancelado debido a que no cumplió con el proceso de recertificación anual. Lo antes, específicamente por haber omitido reportar lo ingresos de su hijo, el señor Juan A. Gerena Johannes y a su vez, por la señora Johannes y su hijo haber incurrido en conducta violenta al agredir físicamente a una vecina de éstos. Inconforme, el 2 de diciembre de 2022, Johannes Motta solicitó la celebración de una vista administrativa con el fin de exponer su oposición e interés en seguir ocupando la vivienda arrendada.

Así las cosas, el 27 de abril de 2023, se celebró la vista administrativa durante la cual testificaron la peticionaria y la funcionaria del Programa Vales de AVP. Evaluada lo anterior, así como la prueba documental presentada, el 23 de agosto de 2023, se emitió la determinación mediante la cual la agencia consignó diez determinaciones de hecho y conclusiones de derecho. Basado en ello, ordenó la cancelación del subsidio según las disposiciones del Fair Housing Act 45 USC sec. 3600 et. seq.

Por estar en desacuerdo, Johannes Motta instó un petitorio de reconsideración. En esta sostuvo que le violaron sus derechos el día de la vista administrativa. Arguyó que las determinaciones de hechos no son ciertas en su totalidad ya que el video que se llevó a la oficina de la región de Carolina estaba alterado, que se le está penalizando por información no corroborada donde envuelve al investigador Fernando Fernández, el agente Ángel Rojas y personas influyentes en el Departamento de la Vivienda. Informó que, la técnica, Maribel Rosario de la región de Carolina, tiene vasto conocimiento de las veces que acudió a la Oficina Regional a llevar los documentos necesarios y no fueron recibidos.

Tras analizar los planteamientos de la peticionaria, la totalidad del expediente y el derecho aplicable, la agencia, por voz

de la subadministradora, emitió la *Resolución* recurrida en la que denegó la reconsideración y sostuvo la cancelación en controversia. En particular, consignó que el 15 de febrero de 2023, la señora Johannes Motta se declaró culpable de violación al artículo 108 del Código Penal de 2012[1] en el caso número F MG2022M0340, en la Sala Superior de Carolina del Tribunal de Primera Instancia. El hijo de la señora Johannes, el señor Juan A. Gerena Johannes, se declaró culpable de violación al mismo artículo 108, en el caso número F MG2022M0339, en la sala superior de Carolina del Tribunal de Primera Instancia. A su entender, dicha actuación fue constitutiva de violencia física, la cual comprometió la salud, la seguridad, el bienestar y el disfrute de la paz del hogar de sus vecinos, según lo dispone la sección IV(B) del Plan Administrativo para la Administración de Vivienda Pública de Puerto Rico, Programa de Vales para la Libre Selección de Vivienda / Sección 8. Determinó que, lo antes reseñado constituye fundamento para no aprobar la admisión al programa de Administración de Vivienda Pública. Además, señaló que, Johannes Motta omitió reportar los ingresos de su hijo adulto, quien conforma parte de la unidad familiar por los pasados dos procesos de reexamen, según lo dispone la sección VIII(C) del Plan Administrativo. En particular lo establecido en el inciso (b) de la sección 982.551 del Título 24 el Código de Reglamentos Federales, 24 CFR sec. 982.551 (b), que establece la obligación que tiene el participante de suplir a la agencia cualquier información necesaria para la administración del Programa Sección 8.

Inconforme, la señora Johannes Motta acude ante esta Curia mediante el recurso de epígrafe y señala que:

> Erró el Departamento de Vivienda al considerar prueba de referencia para emitir su determinación en violación al debido proceso de ley y al derecho de la apelante a contrainterrogar y refutar evidencia en su contra.

---

[1] 33 LPRA 5161.

Erró el Departamento de Vivienda al tomar en consideración la alegación de culpabilidad de un delito menos grave de la parte apelante para justificar la cancelación del subsidio.

Erró el Departamento de Vivienda al delegar en la subadministradora de la propia agencia, la consideración de la solicitud de reconsideración, pues esta funcionaria no es un juzgador imparcial según requerido por la legislación federal.

En cumplimiento con nuestra *Resolución* emitida el 7 de noviembre AVP presenta su *Alegato* el 27 de noviembre de 2023, por lo que, con el beneficio de la comparecencia de ambas partes, resolvemos.

**II**

**A. Revisión Judicial y la doctrina de deferencia judicial**

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. Véase, además, *OEG v. Martínez Giraud*, 210 DPR 79, 88 (2022), citando a *AAA v. UIA*, 200 DPR 903, 910 (2018); Art. 4.006c de la Ley Núm. 201-2003, Ley de la Judicatura, 4 LPRA sec. 24y y la Regla 56 del Reglamento de Apelaciones, 4 LPRA Ap. XXII-B, R.56.

La finalidad de la revisión judicial es asegurar que los organismos administrativos actúen conforme a las facultades concedidas por ley. *OEG v. Martínez Giraud,* supra. Es norma reiterada que, al revisar las determinaciones de los organismos administrativos, los tribunales apelativos le conceden deferencia, por la experiencia y el conocimiento especializado que estos poseen. *Hernández Feliciano v. Municipio de Quebradillas,* 2023 TSPR 6, resuelto el 20 de enero de 2023.

Por su parte, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, establece que los tribunales deben sostener las determinaciones de hechos de las agencias si están basadas en "evidencia sustancial

que obra en el expediente administrativo". *Super Asphalt v. AFI y otro*, 206 DPR 803, 820 (2021). Como vemos, la norma anterior nunca ha pretendido ser absoluta. Por eso, el Tribunal Supremo ha resuelto con igual firmeza que, los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente, contrarias a derecho. *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 127 (2019).

Por otro lado, la citada Sección 4.5 de la LPAU, *supra*, dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal". Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. La intervención judicial en las determinaciones administrativas debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley. *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018), citando a *OCS Universal*, 187 DPR 164, 179 (2012). De otra parte, "los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra". *Íd.*, págs. 36-37. Lo anterior responde a la experiencia y al conocimiento especializado que tienen las agencias sobre los asuntos que le son encomendados. *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 591 (2020).

Por consiguiente, dada la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, estas deben ser respetadas mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas. *Graciani Rodríguez v. Garage Isla Verde*, supra, pág. 128, citando a *Otero v. Toyota*, 163 DPR 716, 728 (2005). Al revisar las decisiones de las agencias, el criterio rector que debe

guiar a los tribunales es la razonabilidad de la actuación. *Hernández Feliciano v. Municipio de Quebradillas,* supra.

Por lo tanto, si al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Íd.*

Acorde con lo antes expuesto, la revisión judicial de los dictámenes administrativos está limitada a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal. *Íd.* Por tanto, las determinaciones de hecho deberán sostenerse siempre que estén fundamentadas en evidencia sustancial que surja de la totalidad del expediente administrativo. *Capó Cruz v. Jta. Planificación et al.,* supra.

Así las cosas, cuando una parte afectada por un dictamen administrativo impugne las determinaciones de hecho, esta tiene la obligación de derrotar con suficiente evidencia que la decisión del ente administrativo no está justificada por una evaluación justa del peso de la prueba ante su consideración. *Rebollo v. Yiyi Motors,* 161 DPR 69, 77 (2004). Véase, también, *OEG v. Martínez Giraud,* supra. De no identificarse y demostrarse esa otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad. *O.E.G. v. Rodríguez,* 159 DPR 98, 118 (2003).

**B. Apreciación de la prueba y las Reglas de Evidencia en casos Administrativos**

El Tribunal Supremo de Puerto Rico estableció que "[l]a tarea de adjudicar credibilidad y determinar lo que realmente ocurrió

depende en gran medida de la exposición del juez o la jueza a la prueba presentada, lo cual incluye, entre otros factores, ver el comportamiento del testigo mientras ofrece su testimonio y escuchar su voz". *Ortiz Ortiz v. Medtronic,* 209 DPR 759, 778-779 (2022), citando a *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013).

Como regla general, los tribunales apelativos aceptan como correctas las determinaciones de hechos de los foros inferiores, sin intervenir con la apreciación y la adjudicación de credibilidad que realiza el juzgador de los hechos en relación con la prueba testifical. *Pueblo v. Hernández Doble,* 210 DPR 850, 864 (2022); *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013). Sin embargo, esta regla cede si se demuestra que, el juzgador actuó movido por pasión, prejuicio o parcialidad o que incurrió en error manifiesto. *Ortiz Ortiz v. Medtronic,* supra.

Como se sabe, es doctrina reiterada por el Tribunal Supremo de Puerto Rico que, los tribunales apelativos intervienen con la apreciación de la prueba cuando: (1) el apelante demuestra la existencia de pasión, prejuicio, parcialidad o error manifiesto; o (2) la apreciación de la prueba no concuerda con la realidad fáctica o esta es inherentemente imposible o increíble. *Pueblo v. Arlequín Vélez,* 204 DPR 117, 148 (2020). A esos efectos, la parte que impugne la apreciación de la prueba es la parte encargada de señalar y demostrar la base para la intervención apelativa. *Pueblo v. Cabán Torres,* 117 DPR 645, 654 (1986).

Por ello, la ausencia de la transcripción de la prueba oral imposibilita que los foros revisores puedan descartar la apreciación razonada y fundamentada de la prueba que realizó el juzgador de los hechos. *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 289 (2011). La intervención con la apreciación de la prueba, sin el beneficio de la transcripción, regrabación o exposición narrativa,

conllevaría fundamentar el dictamen en hipótesis o conjeturas sobre lo ocurrido durante la vista o juicio. *Íd.*

De otra parte y atinente al recurso ante nos la LPAU, en el inciso (e) de la Sección 3.13, establece que las Reglas de Evidencia no son aplicables en los procedimientos administrativos de carácter adjudicativo. 3 LPRA sec. 9653. Allí, se expresa lo siguiente:

> […]
> e. Las Reglas de Evidencia no serán aplicables a las vistas administrativas, pero los principios fundamentales de evidencia se podrán utilizar para lograr una solución rápida, justa y económica del procedimiento.

Nuestro más alto foro también ha dejado claro que las Reglas de Evidencia no aplican en los procedimientos administrativos. *Torres Santiago v. Dept. de Justicia*, 181 DPR 969 (2011); *Otero v. Toyota*, 163 DPR 716 (2005) (*per curiam*). De esta manera, y debido al "carácter informal y flexible, que distingue a los procesos administrativos, permite que el juzgador de hechos conozca toda la información pertinente para dilucidar la controversia que tiene ante sí". *Otero v. Toyota, supra*, pág. 733. En cuanto a prueba de referencia en particular, el Tribunal Supremo de Puerto Rico ha dicho que esta no solo es admisible en un procedimiento administrativo, sino que las agencias pueden descansar solo en prueba de referencia al tomar determinaciones, incluso cuando esta ha sido contradicha, siempre y cuando "la prueba de referencia es del tipo que un hombre prudente y razonable descansa en ella para llevar a cabo sus negocios". *Torres Santiago v. Dept. de Justicia, supra*, pág. 1005 (*citando a Otero v. Toyota, supra*, pág. 734).

**III**

Se discutirán los primeros dos señalamientos de error por estar relacionados entre sí. En su primer señalamiento de error, Johannes Motta plantea que incidió la AVP y se le violó el debido proceso de ley al considerar prueba de referencia para emitir su determinación, mientras que, en su segundo señalamiento de error,

plantea que erró la AVP al tomar en consideración la alegación de culpabilidad de un delito menos grave de la parte apelante para justificar la cancelación del subsidio.

Conforme reseñamos en la normativa aplicable a la presente causa, las reglas de evidencia no son aplicables en los procedimientos administrativos de carácter adjudicativo. De una revisión del recurso colegimos que la agencia recurrida no incidió al admitir prueba según presentada. En particular, la juzgadora de los hechos se ciñó a los datos que surgen del expediente administrativo ante su consideración. Añádase a ello que, la LPAU, en el inciso (d) de la Sección 3.13, *supra*, establece que un funcionario que presida la vista podrá tomar conocimiento oficial de todo aquello que pudiera ser objeto de conocimiento judicial en los tribunales de justicia. Por ello, colegimos que la agencia recurrida podía tomar conocimiento del proceso criminal y la alegación de culpabilidad de la señora Johannes Motta y Gerena Motta en los casos F MG2022M0340 y F M2022M0339 en violación al art. 108 del Código Penal de 2012 (Agresión)[2] para sustentar la determinación administrativa. Por ello, concluimos que, no se cometieron los primeros dos señalamientos de error.

Con relación al tercer señalamiento de error la peticionaria cuestiona la participación de la subadministradora en la etapa procesal correspondiente a la reconsideración. No le asiste la razón. Como bien nos señala la parte recurrida, el Artículo 4 (f) de la ley habilitadora de la Administración de la Vivienda Pública de Puerto Rico Ley 66-1989, según enmendado, 17 LPRA 1004a faculta al Administrador asignar tareas, deberes y responsabilidades a los funcionarios y empleados de la Administración. A esos efectos, no identificamos impedimento alguno de que la reconsideración fuera atendida por la subadministradora de AVP.[3]

---

[2] 33 LPRA sec. 5161.
[3] Véase además el Reglamento Número 5856, conocido como Reglamento de Querellas y Señalamientos Programa de Subsidio de Vivienda.

Por último, es preciso señalar que, la recurrente omitió presentar la transcripción de la vista celebrada ante la agencia de conformidad con la Regla 66 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 66. Al así actuar, la recurrente falló en cumplir con su obligación de poner a esta Curia en posición de examinar la apreciación de la prueba que realizó el AVP y si sus determinaciones de hechos están sostenidas por la prueba. En su consecuencia no cede la presunción de corrección de éstas. De otra parte, al revisar las conclusiones de derecho no identificamos que el foro administrativo haya errado en su análisis, al determinar que, la falta de notificación de cambio de ingreso y los actos de violencia que conllevaron convicciones de índole penal contra la recurrente y su hijo, resultan suficientes para sostener la legitimidad de la determinación administrativa recurrida.

Tampoco identificamos que el organismo administrativo haya actuado de forma irrazonable, arbitraria o ilegalmente en su *Resolución*. Siendo así, concluimos que, la recurrente no nos ha puesto en posición para concluir que los errores imputados se hayan cometido y mucho menos, para derrotar la presunción de corrección y legalidad atribuible a la determinación administrativa impugnada.

**IV**

Por los fundamentos expuestos, confirmamos la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones